### HEYMANN v. LAZARUS.

No. 15083.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Harold J. Moore, of New Orleans, for appellant.

Jos. A. Casey, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a promissory note.

Petitioner, the holder of the note, alleges that he is licensed and authorized, under Act No. 7 of the Extra Session of 1928, to engage in the business of making loans in accordance with the provisions of that statute, which is commonly referred to as the "small loan law," and that he acquired the note sued on from the original owner. The balance claimed to be due on the note is $134.68, with interest at 3½ per cent. per month from August 15, 1933, and with attorney's fees at 15 per cent. on the total amount due, all in accordance with the said note, which is alleged to be attached to the petition. Petitioner also prays for recognition of the chattel mortgage and lien and privilege alleged to have been granted to secure payment of the said note.

Defendant raises many technical objections, some by exception and some by answer. By exception he contends that the petition is vague and indefinite and that plaintiff should be required to state on what day he acquired the note and whether the note is governed by the terms of the statute to which we have referred. He further contends, by exception, that the petition does not disclose a cause of action for the reason that notes issued in accordance with the provisions of the said act, so exceptor contends, are not negotiable and cannot be transferred. In his answer defendant alleges that petitioner has no interest in the said note, that when the said note was issued there was another note in existence which was never delivered to defendant, and he further charges that plaintiff has no right to claim to be the owner of the note unless he shall first show that he has paid the license required by the small loan law both in his individual name and in the name in which he does business, to wit, the "Home Finance Service."

In the court, a qua, there was judgment as prayed for, and defendant has appealed.

The record shows that petitioner has secured license to do business in accordance with the requirements of the statute, that he acquired the note for value, and that there remains unpaid on the principal a balance of $134.68. We think, therefore, that plaintiff was entitled to the judgment rendered in his favor, unless defendant, by affirmative proof, could have established any of the defenses raised in his answer. He has offered no evidence of any kind.

We have given to the various contentions such investigation as we feel is deserved in view of the fact that no evidence was produced, no oral argument made, and no brief filed. We conclude that there was no error in the judgment rendered below. Consequently,

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.

Affirmed.